HARRIS, J.,
delivered the opinion of the Court.
The grand jury for the county of Lauderdale, at the November Term of the Circuit Court, 1856, made a presentment against the defendant for unlawful gaming. The presentment charges that, on the 9th day of August, 1856, in the county of Lauderdale, the defendant did then and there “ game,” by betting, wagering, and hazarding money, bank bills, etc., of the value of ten dollars, at and upon the result of the vote of the State of Kentucky in the election for President of the United States of America, which was then and there pending, etc.
On motion of the defendant, this presentment was quashed by the Circuit Court, and the Attorney-General, on behalf of the State, has appealed in error to this Court.
By the 17th section of the act of 1841, ch. 31, (Nicholson’s Supplement, 156,) the offence of betting on elections is created. By that section it is provided “ that whoever shall bet on any election in this State, shall be guilty of a misdemeanor, and may be indicted or presented therefor,” etc. And by the 1st section of the act of 1856, ch. 63, (Pamph. Acts, 70,) it is provided “that betting on elections is declared to be, and is gaming, and shall be punished as other gaming is now punished by law.”
It will be observed that the act of 1841 confines the offence to betting on elections in Tennessee, or, in the *439 language of the statute, “in this State;” and this presentment charges the election on which the bet was made to be in the State of Kentucky.
We think the offence, as charged, is not within the statute, and affirm the judgment of the Circuit Court quashing the presentment.
We think proper to remark that there is also before us another presentment against the same party, charging that the bet was made on the result of an election after it had taken place, which was also quashed by the Circuit Court, and we think properly. The betting on the result of an election, after the election has taken place, though immoral, is not within the mischief the Legislature intended to remedy. The mischief was the improper influence in elections which was exerted by the persons who had bet, and who were prompted by their pecuniary interest more than their patriotism in their zeal to carry the election. It is obvious the Legislature meant elections pending, not past.
The judgment of the Circuit Court is also affirmed in that case.